IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ELSY N. SALAMANCA | : | |
| | : | |
| v. | : | Civil Action No. DKC 12-2287 |
| | : | |
| JUSTIN TYLER GARDNER, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for review in this wrongful death case are motions to intervene filed by (1) Cristina Salamanca, (ECF No. 85), and (2) Dennis G. Salamanca Romero, Jessie Salamanca Romero, Veronica E. Salamanca Romero, and Ernestina Salamanaca, as mother and next friend of Juan Carlos Salamanca, a minor (collectively "Movants"). (ECF No. 74). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to intervene will be granted and the case will be remanded to the Circuit Court for Prince George's County.

**I. Background**

Plaintiff Elsy N. Salamanca ("Elsy") is the widow of Gilberto Salamanca ("Gilberto"), who died on November 6, 2010 while driving his vehicle on the Baltimore-Washington Parkway in Prince George's County. On June 14, 2012, Elsy, individually

and as personal representative of Gilberto's estate, filed a wrongful death claim against Defendants Justin Tyler Gardner, Wilbur Lee Starks, and UPS Ground Freight, Inc. in the Circuit Court for Prince George's County. (ECF No. 2). Plaintiff accuses Gardner of operating a motor vehicle at "an excessive rate of speed and negligently chang[ing] lanes in front of [Gilberto's] vehicle causing [Gilberto's] vehicle to strike Defendant Gardner's vehicle, causing him serious injuries which resulted in his death." (*Id.* ¶ 5). Plaintiff made a similar negligence claim against Defendant Starks, who also operated a motor vehicle which struck Gilberto's vehicle. (*Id.* ¶¶ 12-17). Finally, Plaintiff brought a wrongful death action against Starks's employer, UPS Freight, for negligent entrustment. These actions were brought under Maryland's Wrongful Death Law, Md. Code Cts. & Jud. Proc. § 3-904, and sought three million ($3,000,000) dollars from each defendant for compensatory, solatium, and support damages.[1]

On August 2, 2012, Defendants filed a notice of removal with this court, premised on diversity jurisdiction under Sections 1331 and 1441 of title 28 of the United States Code. (ECF No. 1). Elsy is a resident of Maryland, while Defendants

---

[1] Plaintiff, on behalf of the estate, also brought a survival action against Defendant UPS Freight. (ECF No. 2, ¶¶ 18-23).

Starks, Gardner, and UPS Freight are all residents of Virginia. (*Id.*).

The court issued a scheduling order on November 2, 2012, setting the close of discovery for March 18, 2013, and the deadline for dispositive pretrial motions as April 16, 2013. (ECF No. 23). These deadlines were subsequently extended to June 3, 2013 and July 1, 2013, respectively. (ECF No. 49).

Movants are Gilberto's mother and children from prior marriages. Importantly for this case, it is undisputed that Movant Dennis Salamanca Romero resides in Virginia. Movants filed their own wrongful death lawsuit against Defendants in the Circuit Court for Prince George's County on November 26, 2012. (ECF No. 74, ¶ 7).

On August 2, 2013 and September 11, 2013, Movants filed their motions to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. (ECF Nos. 74, 85).[2] Defendants filed their opposition on August 15, 2013, (ECF No. 77), and Movants replied on September 3, 2013. (ECF No. 83).

## II. Analysis

Maryland's wrongful death statute provides that an action for wrongful death "shall be for the benefit of the wife,

---

[2] Cristina Salamanca filed her motion to intervene separate from the other Movants on September 11, 2013. (ECF No. 85). Defendants have not yet responded to that motion, but for the reasons that follow, the issue is ready for resolution.

husband, parent, and child of the deceased person." Md. Code,
Cts. & Jud. Proc. § 3-904(a)(1). "Damages are awarded to the
beneficiaries proportioned to the injury resulting from the
wrongful death." *Id.* § 3-904(c)(1). Generally, "an action
under this subtitle shall be filed within three years after the
death of the injured person." *Id.* § 3-904(g)(1). Gilberto died
on November 6, 2010, putting the end of the limitations period
at November 5, 2013.

Importantly for this case, the statute mandates that "only
one action [for wrongful death] lies in respect to the death of
a person." *Id.* § 3-904(f). This rule is "designed to protect a
defendant from being vexed by several suits instituted by or on
behalf of different equitable plaintiffs for the same injury,
when all the parties could be joined in one proceeding." *Univ.
of Maryland Medical Sys. Corp. v. Muti*, 426 Md. 358, 374 (2012)
(*quoting Walker v. Essex*, 318 Md. 516, 523 (1990) (quotation
marks omitted)). Furthermore, Maryland Rule 15-1001(b) provides
that "[a]ll persons who are or may be entitled by law to claim
damages by reason of the wrongful death *shall be named as
plaintiffs* whether or not they join in the action. The words
'to the use of' shall precede the name of any person named as a
plaintiff who does not join in the action." (emphasis added).
Such "use plaintiffs" are required to be served with a copy of
the complaint and notice that they may intervene. Md. Rule 15-

1001(d).  A "use plaintiff" desiring to intervene must do so within the three-year statute of limitations.  Md. Rule 15-1001(e)(2).

Elsy's complaint never listed the Movants as plaintiffs or "use plaintiffs."  Movants contend that they were never provided the notice required by Rule 15-1001(d), although they admit that they became aware of Elsy's lawsuit in August 2012.  (ECF No. 74 ¶¶ 4, 7).  Movants state that they did not seek to join Elsy's case because they did not think they could do so without destroying diversity jurisdiction.  (*Id.* ¶ 7).  Movants believed that this potential destruction of diversity jurisdiction allowed them to file their own lawsuit in state court without violating the "one case" rule.  (ECF No. 83, ¶ 2).  Consequently, "they informed [Elsy] that they intended to file a separate action in state court and invited [Elsy] to join in their action."  (ECF No. 74, ¶ 7).  They argue that they only now bring their motion to intervene because the outcome of Defendants' pending motion for summary judgment in Elsy's case may impair or impede their ability to protect their interests due to the principle of *res judicata* and the one cause of action limit for wrongful death claims in respect of a decedent.  (*Id.* ¶ 8).

Defendants accuse Movants of gaming the system.  They allege that Movants knew of Elsy's lawsuit and were well

5

apprised of its progress and yet still chose to file a separate suit in state court. Defendants posit that Movants' strategy was to obtain all the discovery and deposition materials produced in the federal court action while hoping that they could use a favorable outcome in Elsy's lawsuit to their benefit in state court. Only when Defendants filed a meritorious motion for summary judgment in Elsy's case did Movants realize their strategy might backfire and brought this motion to intervene. Defendants argue that Movants' motion should be denied because it is untimely and would result in prejudice given the federal case's advanced stage and resources already expended. (ECF No. 77, at 6-11).

Movants, in their reply, turn around the gamesmanship argument. They contend that Defendants waited until July 2013 to raise their "one case" argument, while their motion for summary judgment was pending in Elsy's case, a motion they felt confident would be granted which they could turn around and use against Movants in their state case. (ECF No. 83 ¶ 6).[3]

Maryland law is clear that a wrongful death action must include all known beneficiaries either as joined plaintiffs or "use plaintiffs." The Court of Appeals of Maryland has written that "the Legislature intended that all such beneficiaries'

---

[3] If Defendants knew of Dennis Salamanca Romero and his state of citizenship prior to removal, one might question the decision to remove in the first instance.

claims be brought together within the period prescribed for bringing the action." *Waddell v. Kirkpatrick*, 331 Md. 52, 64 (1993). Indeed, a "judgment should not [be] entered in the circuit court unless it include[s] the interests of all of the known beneficiaries." *Walker*, 318 Md. at 524. Therefore, "if one of a decedent's beneficiaries is absent from a wrongful death lawsuit, Maryland law requires that a judgment rendered in favor of the beneficiary or beneficiaries who did prosecute the suit be vacated." *Johnson v. Price*, 191 F.Supp.2d 626, 629 (D.Md. 2001) (*citing Walker*, 318 Md. at 523-24).

As in *Johnson*, to side with the Defendants and omit Movants from this case would result in an incomplete judgment which would eventually be vacated. Because of the "one case" rule, "the failure to include a known statutory beneficiary as a plaintiff or a 'use plaintiff' in a wrongful death action . . . can be analogized to the failure to join a necessary party in an action where joinder is required." *Williams v. Work*, 192 Md.App. 438, 455 (2010), *aff'd sub nom. Ace Am. Ins. Co. v. Williams*, 418 Md. 400 (2011).

The parties expend their energies arguing over whether Movants may intervene as of right pursuant to Rule 24, but that misses the point. It is not a matter of whether Movants must be allowed to intervene if they so choose, but instead, whether Movants must be joined as part of the action regardless of their

7

desires. For that latter question, the court is to examine whether joinder of the Plaintiffs under Rule 19 is appropriate. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join.").

Movants are undeniably indispensable parties to the Plaintiff's side because in their absence, "the court cannot accord complete relief among existing parties." Fed.R.Civ.Pro. 19(a)(1)(A). But joining Movants as plaintiffs would destroy diversity, as Dennis Salamanca Romero is a resident of Virginia. *See, e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (requiring complete diversity of citizenship between each defendant and each plaintiff in order to support diversity jurisdiction). Consequently, the question becomes whether under Rule 19(b) the case could and should proceed without Dennis Salamanca Romero as a plaintiff.

Under Rule 19(b), this case cannot go forward without all Movants being joined as plaintiffs. Any judgment rendered in this case in their absence would be prejudicial to the parties and inadequate as Maryland's wrongful death statute mandates that only one cause of action be brought for the death of a person. Md. Code, Cts. & Jud. Proc. § 309-4(g); *see also Walker*, 318 Md. at 524. Elsy has an adequate remedy if the

8

Movants are joined: the case is remanded to the state court.

Finally, there is no way to shape the relief in this case to lessen the prejudice, "without trampling on the long-held Maryland requirement that only one wrongful death action lies for the death of a person." *Johnson*, 191 F.Supp.2d at 630. Similar to the Plaintiffs in *Johnson*, all known beneficiaries are indispensable parties in a Maryland wrongful death action. Regardless of the resources already expended in this case, it would be more wasteful to ignore the facts and refuse to allow Movants to join this case as any judgment eventually rendered by the court would be vacated for not resolving the claims of all beneficiaries, who "shall be named as plaintiffs." Md. Rule 15-1001(b). Because Movant Dennis Salamaca Romero's residency destroys diversity and he is a necessary party, the court cannot, "in equity and good conscience," proceed with this action among the existing parties. Fed.R.Civ.Pro. 19(b); *see also Ward v. Walker*, 725 F.Supp.2d 506, 511-12 (D.Md. 2010) (dismissing action where joined plaintiff destroys diversity); *Johnson*, 191 F.Supp.2d at 630 (same). Therefore, Elsy's complaint must be remanded to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4]

---

[4] Even if Movants were passive actors who should have been

**III. Conclusion**

For the foregoing reasons, the motions to intervene filed by Cristina Salamanca, Dennis G. Salamanca Romero, Jessie Salamanca Romero, Veronica E. Salamanca Romero, and Ernestina Salamanaca, as mother and next friend of Juan Carlos Salamanca, a minor, will be granted and the case shall be remanded to the Circuit Court for Prince George's County. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

named merely as "use plaintiffs," remand to the state court would have been proper. *See Williams*, 192 Md.App. at 455.